Andre V. COLE, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 85830.

Supreme Court of Missouri,
En Banc.

Nov. 23, 2004.

Rehearing Denied Jan. 25, 2005.

Rebecca L. Kurz, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Deborah Daniels, Andrea K. Spillars, Asst. Attys. Gen., Jefferson City, for Respondent.

RONNIE L. WHITE, Judge.

## I.

A jury in St. Louis County convicted Appellant, Andre Cole, of first-degree murder, first-degree assault, first-degree burglary, and two counts of armed criminal action. He was sentenced to death for the murder, given three life terms of imprisonment for the assault and armed criminal action, and thirty years for the burglary. This Court upheld Appellant's convictions and sentences on direct appeal.[1] Appellant, raising four points of error, appeals from the overruling of his Rule 29.15 postconviction relief motion. This Court has jurisdiction, Mo. Const. art. V, sec. 10, order of June 16, 1988. Affirmed.

## II.

▮ Reviewing points on appeal from the denial of postconviction relief is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous.[2] The findings and conclusions are clearly erroneous only if the appellate court is left with the definite impression that a mistake has been made.[3]

▮ Because all of Appellant's points allege ineffective assistance of counsel, he must show that "counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and that he was thereby prejudiced."[4] "To prove prejudice, the movant must show a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different."[5] Appellant bears the burden of proving grounds for relief by a preponderance of the evidence.[6]

## III.

▮ In his first point, Appellant alleges ineffective assistance of counsel for trial counsel's failure to object to four statements made by the prosecutor during the State's guilt phase closing argument.[7]

---

1. *State v. Cole,* 71 S.W.3d 163 (Mo. banc 2002). All prison terms were consecutive.

2. Rule 29.15(k); *Christeson v. State,* 131 S.W.3d 796, 798–799 (Mo. banc 2004).

3. *Christeson,* 131 S.W.3d at 799.

4. *Nicklasson v. State,* 105 S.W.3d 482, 483–484 (Mo. banc 2003); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

5. *Id.*

6. *Nicklasson,* 105 S.W.3d 482 at 484; Rule 29.15(i).

7. The prosecutor's four statements were: (1) "I can't think of a case that could be more important to the people of St. Louis County;" (2) "She's a mom who worked for a health company doing clerical work and he's a convicted killer;" (3) that "people sitting in that chair (indicating Appellant's chair), ladies and

This Court specifically addressed these four statements in Appellant's direct appeal when Appellant claimed they were improper and prejudicial, and the Court found no error of law in association with these statements.[8] Again, finding no error of law, an extended opinion on these issues would have no precedential value.[9]

■ Appellant also contends that the prosecutor made an improper emotional appeal to the jurors during the penalty phase closing argument when stating, "There have always been times in our society when citizens, patriots, from time to time have stepped up and done the things that need to be done to protect society." Appellant claims that this statement improperly implied that the jurors would be shirking their duty as patriots if they did not deliver the death penalty. Trial counsel did not object, and allegedly improper comments made by the prosecutor not preserved for review by a timely objection are reviewed only for manifest injustice under the plain error rule.[10]

The jury was statutorily required to objectively find the presence of at least one statutory aggravator beyond a reasonable doubt to impose the death sentence.[11] Appellant provides no evidence that the jury was subjectively prejudiced by the prosecutor's statement.[12] The jury found the presence of two statutory aggravators beyond a reasonable doubt, and when this Court independently conducted its proportionality review during Appellant's direct appeal, the Court concluded there was "no evidence to suggest that the punishment imposed was a product of passion, prejudice, or any other arbitrary factor."[13]

## IV.

■ Appellant's final three points all hinge upon the adequacy of defense counsel's investigation and presentation of mitigating evidence during the penalty phase of his trial. Appellant alleges that counsel failed to present testimonial evidence regarding his favorable adjustment to incarceration, his religious upbringing, and his alleged mental or emotional disturbance at the time of the murder. Appellant claims that presentation of this evidence would have resulted in a life sentence as opposed to the death penalty.

When determining which mitigation theory to pursue during the penalty phase, Appellant's trial counsel interviewed twenty-five individuals identified to her by Appellant and his family. She contacted the corrections officers where Appellant was being confined and investigated Appellant's behavior while in jail. Two separate psychological experts, including one of Appellant's choosing, evaluated Appellant's mental condition. Ultimately trial counsel called ten witnesses during the penalty phase.

Appellant's trial counsel was a seasoned, death-penalty litigation attorney, having tried nineteen capital murder cases. Counsel elected to pursue a strategy of presenting good character evidence, including Appellant's work ethic, religious upbringing, and participation in church activities, as a way to humanize Appellant to the jury. At the 29.15 motion hearing counsel testified that her experience with

---

gentlemen, are usually there for a reason;" and (4) "don't tell Terri Cole, a dying woman by your verdict that she is a liar;"

8. *Cole,* 71 S.W.3d at 170–171.

9. Rule 30.25.

10. *Cole,* 71 S.W.3d at 170; Rule 30.20.

11. Section 565.032. All statutory references are to RSMo 2000 unless otherwise indicated.

12. Section 565.032.2.

13. *Cole,* 71 S.W.3d at 176.

presenting evidence on a defendant's good behavior in jail was generally ineffective. Counsel's presentation of good character evidence theory, however, essentially overlapped on his present good behavior status. Counsel is not ineffective for failing to put on cumulative evidence and "reasonable choices of trial strategy, no matter how ill fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." [14]

With regard to counsel choice of mental health experts, and the decision not to elicit testimony from other lay witnesses about Appellant's alleged emotional distress, both experts who examined the Appellant concluded that he was not suffering from any mental disease or defect at the time of the crime. There was no evidence that Appellant was suffering from depression, paranoia or delusional beliefs. His thought processes were found to be logical and sequential and he was determined to be capable of knowing and appreciating the nature, quality and wrongfulness of his conduct. Defense counsel cannot be found ineffective for failing to shop for a more favorable expert witness.[15] Moreover, to have elicited lay testimony as to any perceived emotional disturbance could have been viewed by the jury as being contradictory, not only in terms of the expert's mental assessment of Appellant, but also in terms of counsel's mitigation theory to humanize the Appellant with good character evidence.

## V.

The judgment is affirmed.

All concur.

---

**14.** *Christeson,* 131 S.W.3d at 799; *Winfield v. State,* 93 S.W.3d 732, 740 (Mo. banc 2002).

**15.** *Winfield,* 93 S.W.3d 732 at 741.