**Willie V. JONES, Movant–Appellant,**

**v.**

**STATE of Missouri, Respondent–Respondent.**

**No. 26681.**

Missouri Court of Appeals, Southern District, Division Two.

Aug. 31, 2005.

Motion for Rehearing and Transfer Denied Sept. 22, 2005.

Application for Transfer Denied Nov. 1, 2005.

Willie V. Jones, Potosi, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lacey R. Searfoss, Office of Atty. Gen., Jefferson City, for respondent.

KENNETH W. SHRUM, Presiding Judge.

Willie V. Jones ("Movant") seeks post-conviction relief via a Rule 29.15 motion after he was convicted of robbery in the first degree (§ 569.020).[1] After an evidentiary hearing, the motion court entered extensive findings of fact and conclusions of law, denying the twelve claims Movant presented for relief. On appeal, Movant attempts to challenge most of those findings. Due to serious briefing deficiencies, this court declines to review Movant's points relied on and dismisses the appeal. Appeal dismissed.

■ When a movant appeals the denial of a Rule 29.15 motion, the appellate brief shall comply with Rule 84.04. Rule 30.06; *State v. Broseman,* 947 S.W.2d 520, 524 n. 3 (Mo.App.1997). Although Movant appeals *pro se,* he is bound by the same standards of compliance with briefing principles as apply to attorneys. *State v. Dodd,* 944 S.W.2d 584, 587[4] (Mo.App. 1997).

■ It should be noted that the Missouri Supreme Court has adopted the policy that, as a general rule, a case should be decided upon its merits rather than on technical deficiencies of a brief. *Christeson v. State,* 131 S.W.3d 796, 799 n. 5 (Mo.banc 2004). However, when a brief is so deficient that it fails to give notice to the appellate court and to the other party as to the issues presented, the brief impedes disposition on the merits, and the appeal may be dismissed. *Id.* This latter proposition is in harmony with Rule 30.20 which states, *inter alia,* "[a]llegations of

error that ... are not properly briefed on appeal shall not be considered by the appellate court" except for certain errors not applicable here. Further, "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20.

■ Additionally, these foregoing principles must be tempered by two elementary rules of appellate practice. The first is lifted from the seminal case of *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978):

"It is not the function of the appellate court to serve as advocate for any party to an appeal.... When counsel [or *pro se* litigants] fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding the case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role."

*Id.* at 686[9,10].

■ The second idea, which is extremely appropriate here, is the fact that the motion court's judgment must be presumed correct, and the movant has the burden to establish error, via adequate points and arguments, warranting relief. *State v. Landers,* 969 S.W.2d 808, 812 (Mo. App.1998).

■ With the aforementioned in mind, we turn to Movant's brief. In

---

1. All rule references are to Supreme Court Rules (2004), unless otherwise indicated. All statutory references are to RSMo (2000), unless stated differently.

Points I through V, notwithstanding the fact that the points are utterly defective, we note that Movant is attempting to present for review alleged trial court errors. Nowhere in these points or arguments does Movant allege that his trial counsel was ineffective, i.e., the essence of a post-conviction claim. Alleged trial court errors must be raised on direct appeal and are not cognizable in post-conviction proceedings. *Middleton v. State*, 103 S.W.3d 726, 740[26] (Mo.banc 2003); *Griffin v. State*, 794 S.W.2d 659, 661 (Mo.banc 1990).[2] Moreover, as best we can discern, these issues were never presented to the motion court for determination as an exception to the foregoing rule. As such, this court would have no jurisdiction to consider the alleged errors even if the general rule were relaxed. *Wright v. State*, 125 S.W.3d 861, 866[7] (Mo.App.2003). Consequently, Points I–V must be dismissed.

■ It appears that Movant's main post-conviction claims are presented via his sixth point. The point is actually labelled "Argument *VI*" and provides the following: "Appellant was denied post-conviction relief in the 29.15 proceedings with findings of facts and conclusions of law contrary to clearly established law." The "point" then lists the various constitutional provisions that were allegedly violated.

Under this point, Movant presents five subpoints which appear to be his main contentions on appeal. These subpoints, however, are conclusory in that they mere-ly state why trial counsel was allegedly ineffective.[3] In no conceivable fashion could this court construe the points as challenging the findings of fact and conclusions of law of the motion court. The main point is obviously multifarious and defective. Moreover, the subpoints fail to (1) identify the *trial court ruling* being challenged, (2) state the legal reasons for the claim of reversible error, and (3) explain in summary fashion why those legal reasons support the claim of error. Consequently, nothing is preserved for appellate review. *See State v. Hackler*, 122 S.W.3d 132, 134[35] (Mo.App.2003); *Warren v. State*, 2 S.W.3d 128, 130 (Mo.App.1999).

■ Perhaps, if this were the only deficiency, this court would exercise its discretion to review for plain error under Rule 30.20. We decline to do so, however, because of the patent inadequacy of Movant's arguments beneath the subpoints. He provides virtually no transcript citations in the argument sections. The law he provides is general at best, and he makes no attempt to show how the law applies to the facts of his case. Further, it does not appear that Movant even attempts to demonstrate how the motion court's judgment was erroneous. In essence, Movant has found some general case law, cited it, and conclusorily asserted that his case fits within the general propositions. For this court to review Movant's subpoints, we would have to don the hat of an advocate.[4]

---

2. One exception exists to this rule. When constitutional issues are not raised on direct appeal, the movant, in order to raise them in post-conviction proceedings, must show "exceptional circumstances that demonstrate these issues could not have been addressed in the direct appeal of his criminal case." *Griffin*, 794 S.W.2d at 661[1]. Movant makes no such argument here.

3. For instance, Movant's second subpoint reads: "Trial counsel failed to elicit testimony as to the exact amount of money stolen."

4. As an example, Movant's "Claim I" states: "Trial counsel was ineffective for not filing a motion to suppress Movant's letter." In the argument section, he never addresses the court's ruling on this point. The court found that there was no legal basis to suppress the letter. Movant provides no case law showing why the letter should have been suppressed.

This we will not do. *Thummel,* 570 S.W.2d at 686.

Although we generally desire to decide a case upon its merits, Movant's brief is so deficient that it impedes the disposition of the merits. As such, this court dismisses the appeal. *Christeson,* 131 S.W.3d at 802 n. 5.

Movant's appeal from the motion court's judgment denying post-conviction relief is dismissed.

BARNEY, J., and BATES, C.J., concur.

His conclusory assertions that reasons for suppression exist are utterly frivolous.