# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2730

_____

Mark Christeson,

*Petitioner - Appellant,*

v.

Don Roper,

*Respondent - Appellee.*

------------------------------

American Bar Association; Roderick and Solange MacArthur Justice Center;
National Associate for Public Defense; National Legal Aid and Defender
Association; National Association of Criminal Defense Lawyers; Former Federal
and State Judges,

*Amici on Behalf of Petitioner.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 17, 2017
Filed: January 18, 2017
[Published]

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

This is an appeal from the district court's order denying Mark Christeson's motion to reopen a final judgment dismissing his habeas corpus application as untimely. Christeson is under a sentence of death in Missouri, and his execution is scheduled for January 31, 2017. We remand the case to the district court for a limited evidentiary hearing.

Christeson was convicted of three counts of capital murder in Missouri and sentenced to death. The Missouri Supreme Court affirmed the convictions and sentences. *State v. Christeson*, 50 S.W.3d 251 (Mo. 2001). After Christeson sought post-conviction relief in Missouri state court, a state circuit court denied the motion, and the Missouri Supreme Court affirmed. *Christeson v. State*, 131 S.W.3d 796 (Mo. 2004).

The federal district court, on July 2, 2004, then appointed two attorneys to represent Christeson in federal habeas corpus litigation. Counsel first met with Christeson on May 27, 2005, and filed a petition on August 5, 2005. As it turns out, the time for filing a timely habeas petition expired in April 2005, but counsel assert that they miscalculated the deadline and believed that the petition was timely filed in August 2005. The district court dismissed Christeson's habeas petition as untimely, and this court denied an application for a certificate of appealability.

Several years later, two new attorneys who now represent Christeson moved for substitution of counsel. New counsel sought to file a motion under Federal Rule of Civil Procedure 60(b) to reopen the final judgment on the ground that the statute of limitations should have been equitably tolled. The Supreme Court ultimately ruled that substitution was required, *Christeson v. Roper*, 135 S. Ct. 891 (2015) (per curiam), and we remanded the case to the district court with directions to grant the motion for substitution. In its decision, the Supreme Court observed that "Christeson

-2-

faces a host of procedural obstacles to having a federal court consider his habeas petition," including a requirement to demonstrate that "extraordinary circumstances justify the reopening of a final judgment." *Id*. at 895-96 (alterations and quotation marks omitted).

The district court on remand denied Christeson's motion under Rule 60(b) to reopen the final judgment. In concluding that Christeson failed to show "extraordinary circumstances," the district court rejected Christeson's contention that original counsel had abandoned him. The court relied on actions taken by original counsel after the expiration of the filing deadline in April 2005—i.e., between May 27, 2005, when they first met with Christeson, and June 8, 2007, a date shortly after this court denied a certificate of appealability on the district court's ruling that the petition was untimely.

We granted a certificate of appealability to review the district court's denial of relief under Rule 60(b). Christeson argues on appeal that the district court erred in its ruling on abandonment by relying entirely on actions taken by original counsel *after* the deadline for filing a timely habeas petition, while making no inquiry into counsel's performance before the deadline expired. Christeson also complains that the court accepted explanations given by original counsel for the tardy filing without providing an opportunity to test their credibility. The State responds that original counsel's untimely filing was the result of a miscalculation based on colorable arguments under then-existing law, and that counsel's mistake or negligence was simply not abandonment.

Without expressing a view at this time on the district court's conclusion, we think it prudent under the circumstances for the district court to develop the record on the actions of original counsel so that a decision on Christeson's allegation of abandonment is based on a more complete understanding of the facts. The Supreme Court, after noting that original counsel did not meet with Christeson until more than

six weeks after his petition was due, cited a "legal ethics expert" who opined that "if this was not abandonment, I am not sure what would be." 135 S. Ct. at 892. The record elsewhere, however, includes a filing from original counsel stating that two to three months after their appointment in July 2004, counsel received voluminous record materials concerning Christeson's case. Original counsel wrote that they "thoroughly reviewed these documents, contacted appellate counsel regarding issues raised at the trial level and investigated potential claims" before meeting with Christeson in May 2005. R. Doc. 73, at 8. The district court on remand made no findings of fact concerning the pre-deadline activity of original counsel or the credibility of their explanations for missing the filing deadline in 2005. A limited evidentiary hearing and supplemental findings of fact would facilitate resolution of Christeson's appeal. *Cf. Cody v. Hillard*, 139 F.3d 1197, 1200 (8th Cir. 1998).

Accordingly, we remand the case to the district court with directions to convene promptly a limited evidentiary hearing on the question of abandonment and to certify to this court its findings of fact and any additional conclusions of law. We retain jurisdiction over the appeal during this limited remand. *See, e.g.*, *United States v. Aguilar*, 743 F.3d 1144, 1151 (8th Cir. 2014). Christeson need not file the reply brief due on January 20, and the motion for leave to file an overlength reply brief is denied as moot.

_____