Gary M. Gaertner, Jr., Presiding Judge
Introduction
Richard Lynch (Movant) appeals from the motion court's judgment denying his Rule 29.15[1] motion after an evidentiary hearing. Movant argues the motion court erred in denying post-conviction relief because his trial counsel was ineffective for failing to object to the presence of the victims in the courtroom and for failing to submit an instruction for a lesser-included offense. We affirm.
Factual and Procedural Background
A jury convicted Movant after a trial of burglary in the first degree, two counts of robbery in the first degree, and three associated counts of armed criminal action, stemming from a home invasion. The trial court sentenced Movant to concurrent terms of life in prison for each count of first-degree burglary and first-degree robbery, also concurrent to terms of ten years on each of the three counts of armed criminal action. This Court affirmed the convictions and sentences on appeal. State v. Lynch, 424 S.W.3d 466 (Mo. App. E.D. 2014).
Movant timely filed a pro se motion for post-conviction relief pursuant to Rule 29.15. Appointed counsel filed an amended motion, asserting Movant's trial counsel was ineffective-as relevant to the issues raised on appeal-for failing to request lesser-included-offense instructions for both counts of first-degree robbery, and for failing to move for the exclusion of the victim/witness Nicole Lanius and to object to her presence in the courtroom on the basis that Missouri's victim rights provisions conflict with the defendant's constitutional right to witness exclusion.
At an evidentiary hearing, Stephen Reynolds (Reynolds) testified he worked for the Missouri Public Defender's Office and he represented Movant during his trial. Reynolds' strategy during trial was to seek acquittal on the first-degree robbery charges by challenging the voice identification because the victims were under duress due to being held at gunpoint in their home, and requesting a lesser-included-offense *73 instruction of robbery in the second degree would have contradicted this strategy. Further, although he recalled both victims being present in the courtroom and having a sidebar discussion with the court about it, his strategy at trial was to assert that the victims had colluded with each other about the voice identification, and having them both present in the courtroom together supported his theory. Reynolds noted that it would have been "helpful" to his strategy if the jury noticed the victims sitting together during trial. Reynolds agreed that it was in the judge's discretion to exclude any witness.
After the evidentiary hearing, the motion court entered judgment denying the amended motion. The motion court noted that even if Reynolds had requested that the victims be excluded from the courtroom during the trial, the trial court judge-who was the same judge presiding over the motion court here-would not have granted the request, in light of the provisions of the Missouri Constitution and statutes granting victims the right to be present during trial. This appeal follows.
Standard of Review
On appeal, we limit our review of the denial of a motion for post-conviction relief to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). The motion court's findings of fact and conclusions of law are clearly erroneous only if the reviewing court, having examined the entire record, is left with the definite and firm impression that a mistake has been made. Johnson v. State, 406 S.W.3d 892, 898 (Mo. banc 2013).
Discussion
Point I
In his first point on appeal, Movant argues the motion court erred in denying his amended motion because Reynolds failed to object to the presence of the victims in the courtroom by challenging the constitutionality of the victims' rights provisions of the Missouri Constitution Article 1, section 32 and Section 595, 209, RSMo. (cum. supp. 2016). Movant further argues that but for his trial counsel's failures, the outcome of the trial would have been different. We disagree.
To prevail on a claim of ineffective assistance of counsel, a defendant must establish by a preponderance of the evidence that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and that counsel's deficient performance prejudiced the defendant. Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006) (citing Strickland v. Washington, 466 U.S. 668, 687-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). We "presume[ ] that counsel's conduct was reasonable and effective," and that any challenged action was part of counsel's reasonable trial strategy. Id.; see also Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc 2003). Decisions of trial strategy may only form the basis for ineffective counsel if those decisions were unreasonable. Johnson v. State, 388 S.W.3d 159, 163 (Mo. banc 2012). "[S]trategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable." Id. Moreover, decisions of trial strategy that were reasonable at the time of trial cannot form the basis of a claim of ineffective assistance of counsel even if, in hindsight, counsel could have made better choices. Cole v. State, 152 S.W.3d 267, 270 (Mo. banc 2004).
Here, Movant was accused of robbing Elton Lanius and Nicole Lanius at gunpoint in their home. The assailant had his face covered with a mask, but both *74 Elton Lanius and Nicole Lanius separately identified Movant as the assailant in voice line-ups with 100% certainty. During trial, Elton Lanius testified prior to Nicole Lanius, but she was present in the courtroom during the entire trial, including during his testimony. The testimonies of Elton Lanius and Nicole Lanius were consistent with each other, including the voice identification. Reynolds did not object to Nicole Lanius' presence in the courtroom or request that she be excluded during Elton Lanius' testimony.
Reynolds testified that his trial strategy was to allow both victims to remain in the courtroom because their action in sitting together in the courtroom where the jury could see them visually supported his defense theory that the victims had colluded with each other about their voice identification. Reynolds' trial-strategy decision was not unreasonable in light of the facts of the case, even if in hindsight the strategy was unsuccessful. See Johnson, 388 S.W.3d at 163 (reasonable choices of trial strategy are "virtually unreviewable"); Cole, 152 S.W.3d at 270.
Movant argues, nevertheless, that any trial strategy that did not include attempting to remove Nicole Lanius from the courtroom during Elton Lanius' testimony constituted ineffective assistance because Movant had a due process right under state and federal law to have all witnesses excluded from the courtroom, and any waiver of that right was error. Movant asserts a direct conflict between his due process rights and Missouri's victims' rights provisions, and he argues it was error for Reynolds not to challenge the constitutionality of Missouri's victims' rights laws.
The authority of a trial court to exclude witnesses from the courtroom prior to their testimony is a rule established by common law in Missouri. See, e.g., State v. Jones, 134 S.W.3d 706, 715 (Mo. App. S.D. 2004) ("[a] trial court has the authority to direct the exclusion of witnesses so that they will not be privy to testimony provided by other witnesses"). However, it is well established in Missouri that the ability to exclude a witness is at the discretion of the trial court and is not a matter of right. See Grab ex rel. Grab v. Dillon, 103 S.W.3d 228, 234-36 (Mo. App. E.D. 2003) (noting that since its inception into Missouri law, "the rule" permitting exclusion of witnesses has been at discretion of trial court); Huffman v. State, 451 S.W.2d 21, 23 (Mo. 1970) ("Appellant had no right to the enforcement of the rule excluding witnesses from the courtroom. Its application is a matter resting within the sound discretion of the trial judge"). Logically, any right that is discretionary rather than absolute cannot be considered so fundamental to the fairness of a trial that any restriction thereof would violate a defendant's due process rights. Phrased another way, if a trial court has the ability to deny the request for witness exclusion, then it likewise cannot be a violation of a defendant's due process rights for the State of Missouri to establish limitations to the witness exclusion rule in certain limited circumstances.
Here, Article 1, section 23 of the Missouri Constitution and Section 595.209 provide that victims of dangerous felonies "shall" be afforded "the right to be present at all criminal justice proceedings at which the defendant has such right." Mo. Const. Art. 1, sec. 32.1(1); Section 595.209.1(1). Section 595.209 further clarifies that victims have the right to be present "even if the victim is called to testify or may be called to testify as a witness in the case." Section 595.209.1(1), Section 595.209 declares it is the policy of the State of Missouri that the rights of victims *75 are "absolute" and are "paramount" over defendants' rights. Section 595.209.5.
A Missouri court has already addressed the tension between the competing concepts of the trial court's general authority to exclude witnesses from the courtroom so they will not be privy to the testimony of other witnesses, and the absolute right of victims to be present in the courtroom at any proceeding at which the defendant is present even if they are themselves called to testify as witnesses. See State v. Allen, 274 S.W.3d 514, 528-29 (Mo. App. W.D. 2008). The Allen court concluded that the trial court correctly allowed the victim witnesses to remain in the courtroom during pre-trial proceedings, in accordance with the "clear language" of Section 595.209. We likewise find here that Missouri law clearly granted Nicole Lanius the absolute right to remain in the courtroom during any proceeding in which Movant was also entitled to be present, while any right Movant had to exclude a witness from the courtroom was discretionary. Thus, Movant's argument that his right to have witnesses excluded from the courtroom supersedes Nicole Lanius' right as a victim to be present during the entire trial fails.
Accordingly, any objection on that basis would have been non-meritorious, and Movant's counsel was not ineffective for failing to make a non-meritorious objection. See Tisius v. State, 519 S.W.3d 413, 430 (Mo. banc 2017) (trial counsel was not ineffective for failing to make non-meritorious objection). Moreover, the motion court here, which was also the trial court, noted that even if Reynolds had objected to Nicole Lanius' presence in the courtroom and moved for her to be excluded prior to her testimony, the trial court would not have granted the motion following Article 1, section 23 of the Missouri Constitution and Section 595.209.
To the extent that Movant argues his right to exclude witnesses from the courtroom stems not from Missouri common law but from Federal Rule of Evidence 615, Missouri has not adopted the federal rules. State v. Hemby, 63 S.W.3d 265, 269 (Mo. App. S.D. 2001).
Point denied.
Point II
In his second point on appeal, Movant contends the motion court erred in denying his Rule 29.15 motion because the evidence established that his trial counsel was ineffective for failing to request an instruction for the lesser-included offense of second-degree robbery. We disagree.
To establish ineffective assistance of counsel for failing to request an instruction for a lesser-included offense, Movant must show three things: (1) the evidence would have required an instruction on the lesser-included offense had it been requested; (2) the decision not to request the instruction was not part of a reasonable trial strategy; and (3) he was prejudiced by his counsel's failure. Jones v. State, 514 S.W.3d 72, 80 (Mo. App. E.D. 2017). We presume that trial counsel acted professionally and that any challenged action was part of counsel's reasonable trial strategy, and a movant bears the burden of proving otherwise by a preponderance of the evidence. Id.
The difference between first- and second-degree robbery is the use or apparent use of a deadly weapon. Sections 569.020.1(3), 569.030, RSMo. (cum. supp. 2014). Here, the defense theory was that the victims' identification of Movant was unreliable because of the duress the two victims were under due to being held at gunpoint in their home. Reynolds testified at the evidentiary hearing that his trial strategy depended on the jury believing the victims were held at gunpoint, in order for the jury to also find the identification *76 of Movant unreliable and acquit him on that basis. Accordingly, to request a lesser-included instruction for second-degree robbery directly contradicted his strategy. "Counsel has no duty to request an instruction that would undermine the defense theory presented at trial." Jones, 514 S.W.3d at 80-81 (finding counsel's all-or-nothing strategy reasonable); see also McNeal v. State, 500 S.W.3d 841, 845 (Mo. banc 2016). Thus, Movant here is unable to overcome our presumption that Reynolds' decision not to request a lesser-included instruction was reasonable. See Jones, 514 S.W.3d at 80.
Here, there was an evidentiary hearing establishing that counsel's decision not to request the instruction was part of an all-or-nothing trial strategy, and the record shows this strategy was reasonable. Therefore, Movant is unable to show ineffective assistance of counsel for failing to request an instruction for a lesser-included offense, and we need not consider prejudice under the three-part formula as set forth in Jones. Id.; cf. McNeal v. State, 412 S.W.3d 886, 892-94 (Mo. banc 2013) (reversing for evidentiary hearing because record did not refute movant's allegation of prejudice where counsel did not have all-or-nothing defense strategy but rather defense was consistent with lesser offense but counsel failed to request instruction). The motion court did not clearly err in denying Movant's Rule 29.15 motion.
Point denied.
Conclusion
The judgment of the motion court is affirmed.
Robert M. Clayton III, J., concur.
Angela T. Quigless, J., concur.

All rule references are to Mo. R. Crim. P. (2014), which was in effect at the time the motion was filed, unless otherwise indicated.