

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,      )
     )
     Plaintiff-Respondent,      )
     )
v.      )      No. SD37514
     )
KEVIN LEE HAUSMANN,      )      **Filed:  October 24, 2023**
     )
     Defendant-Appellant.      )

### APPEAL FROM THE CIRCUIT COURT OF BARRY COUNTY

#### Honorable Robert J. Foulke

## AFFIRMED AND REMANDED WITH INSTRUCTIONS

Kevin Lee Hausmann ("Defendant") appeals his conviction for first-degree sodomy following a jury trial.[1]  In two points on appeal, Defendant claims the circuit court:  (1) abused its discretion in excluding Defendant's wife ("Wife") from the courtroom during *voir dire*, and (2) plainly erred in executing its written judgment that listed Defendant's sentence as "99 years" instead  of "life in prison[.]"

Finding merit only in Defendant's second point, we affirm his conviction and remand the matter to the circuit court to enter an amended judgment, *nunc pro tunc*, that declares

---

[1] *See* section 566.060.  Unless otherwise stated, all statutory citations are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017.

1

Defendant's sentence as "life in prison" in conformity with the oral pronouncement at sentencing.

As Defendant does not challenge the sufficiency of the evidence to sustain his conviction, we will recite only the evidence necessary to address Defendant's points on appeal.

**Analysis**

*Point 1*

Defendant's first point claims the circuit court

> abused its discretion overruling [his] objection and request for a mistrial and excluding [Wife] from *voir dire* in derogation of [Defendant]'s right to a public jury trial . . . in that, where the record supports [Wife] actually attempted to attend *voir dire* and was prohibited from doing so, and where there was no exigent circumstance or cause shown to outweigh the value of openness in excluding [Wife] from [Defendant]'s trial, and where this infringement upon [Defendant]'s public trial right was not trivial, the trial court's exclusion of [Wife] from *voir dire* was structural error requiring reversal of his convictions and sentences.

We disagree.

Prior to trial, both parties indicated to the circuit court that they planned to call Wife as a witness. "The authority of a trial court to exclude witnesses from the courtroom prior to their testimony is a rule established by common law in Missouri." *Lynch v. State*, 551 S.W.3d 70, 74 (Mo. App. E.D. 2018). "[I]t is well[-]established in Missouri that the ability to exclude a witness is at the discretion of the trial court and is not a matter of right." *Id.*

> Logically, any right that is discretionary rather than absolute cannot be considered so fundamental to the fairness of a trial that any restriction thereof would violate a defendant's due process rights. Phrased another way, if a trial court has the ability to deny the request for witness exclusion, then it likewise cannot be a violation of a defendant's due process rights for the State of Missouri to establish limitations to the witness exclusion rule in certain limited circumstances.

*Id.*

2

Wife testified during Defendant's case-in-chief, and the record does not indicate that any non-witnesses were excluded from the courtroom during *voir dire*. Defendant does not cite any controlling authority in support of his argument that the circuit court's exclusion of Wife, a witness endorsed by both sides, from the courtroom during *voir dire* (and all other times when not testifying) was an abuse of the circuit court's discretion and violated Defendant's right to a public trial. In the absence of such controlling authority, the State cites cases from other jurisdictions that have approved excluding family members and a girlfriend who were potential witnesses as within the sound discretion of the court. *See State v. Njonge*, 181 Wash.2d 546, 559-60 (Wash. 2014), and *State v. Zornes*, 831 N.W.2d 609, 618-19 (Minn. 2013).

In the absence of controlling authority to the contrary, we agree with the State that the circuit court did not abuse its discretion in excluding Wife from the courtroom during *voir dire* under its inherent authority to exclude witnesses from the courtroom. Point one is denied.

*Point 2*

Point 2 claims the circuit court

> plainly erred in executing its written judgment denoting the length of [Defendant]'s sentence as "99 Years" in derogation of his right to due process of law . . . , in that the 99-year sentence recited in [Defendant]'s written judgment of conviction for one count of first-degree sodomy materially differs from the trial court's oral pronouncement of a life sentence such as to constitute a manifest injustice.

We (and the State) agree.

"If there is a material difference between the court's oral pronouncement of sentence and the written judgment, the oral pronouncement controls." *State v. Clark*, 494 S.W.3d 8, 14 (Mo. App. E.D. 2016). At the sentencing hearing, the circuit court pronounced Defendant's sentence as "life in prison in the custody of the Missouri Department of Corrections." The written

3

judgment, which denotes a sentence of "99 years[,]" materially differs from a "life" sentence in regard to the minimum time that must be served in prison:

> 4. For the purpose of determining the minimum prison term to be served, the following calculations shall apply:
>
> (1) A sentence of life shall be calculated to be thirty years;
>
> (2) Any sentence either alone or in the aggregate with other consecutive sentences for offenses committed at or near the same time which is over seventy-five years shall be calculated to be seventy-five years.
>
> 5. For purposes of this section, the term **"minimum prison term"** shall mean time required to be served by the offender before he or she is eligible for parole, conditional release or other early release by the department of corrections.

Section 558.019; *see also* **State v. Harris**, 364 S.W.3d 790, 796 (Mo. App. W.D. 2012). Point 2 is granted.

## Conclusion

> If there exists in the record a basis to support an amendment to the judgment and the trial court's intentions regarding the defendant's sentence are clear from the record, such mistakes can be corrected by a *nunc pro tunc* order, which is used to make the record conform to what was actually done.

**State v. Carroll**, 207 S.W.3d 140, 142 (Mo. App. E.D. 2006).

In accordance with that principle, the case is remanded with instructions to the circuit court to enter an amended written judgment that imposes a sentence of life in prison. In all other respects, the judgment of the circuit court is affirmed.

DON E. BURRELL, OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS