Johnny A. JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 91787.

Supreme Court of Missouri,
En Banc.

Nov. 20, 2012.

Rehearing Denied Jan. 29, 2013.

Robert W. Lundt, Public Defender's Office, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Attorney General's Office, for respondent.

GEORGE W. DRAPER, III, Judge.

Johnny A. Johnson (hereinafter, "Movant") was convicted by a jury of first-degree murder, section 565.202, RSMo 2000;[1] kidnapping, section 565.110; attempted forcible rape, section 566.030; and armed criminal action, section 571.015. The trial court sentenced Movant to death and three life sentences to be served consecutively. This Court affirmed his convictions in *State v. Johnson*, 207 S.W.3d 24 (Mo. banc 2006). Movant's motion for post-conviction relief pursuant to Rule 29.15 was overruled by the motion court after an evidentiary hearing. Movant appeals. This Court has exclusive jurisdiction over this appeal because a sentence of death was imposed. Mo. Const. art. V, sec. 10; order of June 16, 1988. The judgment denying post-conviction relief is affirmed.

**Factual and Procedural History**

On July 26, 2003, Casey Williamson (hereinafter, "Victim") woke early in her home and went downstairs to watch television before getting dressed for the day. Movant had spent the prior night sleeping on the couch and was present when Victim began watching television. Movant then asked Victim to accompany him to an abandoned factory to play games and have fun; Victim agreed.

When Movant and Victim arrived at the abandoned factory, Movant began to sexually assault Victim, exposing himself, and seeking for Victim to remove her nightclothes. A struggle ensued. Movant grabbed a brick and hit Victim in the head at least six times. Victim attempted to escape, but Movant continued hitting her with the brick. Eventually, Victim was knocked to the ground and the right side of her skull was fractured. Because Victim was still moving, Movant lifted a basketball-sized boulder and brought it down on Victim's head. Victim then stopped breathing.

After the murder, Movant attempted to conceal the crime scene. Then Movant washed to remove Victim's blood and other evidence from his body.

When questioned by the police, Movant was informed of his *Miranda*[2] rights multiple times and waived them. After questioning, Movant confessed.

Movant was tried and convicted. Movant was sentenced to death. This Court affirmed the conviction and sentence on direct appeal. *Johnson*, 207 S.W.3d at 50.

Movant sought post-conviction relief through a Rule 29.15 motion. The motion court held an evidentiary hearing regarding his claims and entered judgment overruling Movant's motion. Movant appeals the denial of postconviction relief.

**Standard of Review**

This Court will affirm the judgment of the motion court unless its find-

---

1. All further references herein are to RSMo 2000 unless otherwise indicated.

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ings and conclusions are clearly erroneous. Rule 29.15(k); *Johnson v. State*, 333 S.W.3d 459, 463 (Mo. banc 2011). The motion court's judgment is clearly erroneous only if this Court is left with a definite and firm impression that a mistake has been made. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009)(quoting *Goodwin v. State*, 191 S.W.3d 20, 26 (Mo. banc 2006)). There is a presumption the motion court's findings are correct. *Worthington v. State*, 166 S.W.3d 566, 572 (Mo. banc 2005). Additionally, a movant bears the burden of proving the asserted "claims for relief by a preponderance of the evidence." Rule 29.15(i).

■■■ To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must show by a preponderance of the evidence that his or her trial counsel failed to meet the *Strickland* test in order to prove his or her claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a movant must demonstrate that: (1) his or her counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation, and (2) he or she was prejudiced by that failure. *Id.* at 687, 104 S.Ct. 2052.

■■■ A movant must overcome the strong presumption counsel's conduct was reasonable and effective. *Smith v. State*, 370 S.W.3d 883, 886 (Mo. banc 2012). To overcome this presumption, a movant must identify "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Zink v. State*, 278 S.W.3d 170, 176 (Mo. banc 2009). Trial strategy decisions may be a basis for ineffective counsel only if that decision was unreasonable. *Id.* "[S]trategic choices made after a thorough investigation of the law and the facts relevant to plausible

opinions are virtually unchallengeable...." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006).

■■■ To establish the prejudice requirement of *Strickland*, a movant must prove prejudice. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Deck v. State*, 68 S.W.3d 418, 429 (Mo. banc 2002)(citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). Prejudice in a death penalty case is "a reasonable probability that, but for counsel's deficient performance, the jury would have concluded the balance of aggravating and mitigating circumstances did not warrant death." *Forrest*, 290 S.W.3d at 708 (quoting *State v. Kenley*, 952 S.W.2d 250, 266 (Mo. banc 1997)).

### 1. Brain damage

■■■ Movant asserts his trial counsel was ineffective for failing to adduce readily available evidence of his brain damage and neuropsychological impairments because his expert witnesses both suspected brain damage and recommended that counsel obtain additional neuropsychological testing. Movant believes that had counsel consulted with a neuropsychologist, counsel would have discovered that his brain damage and neuropsychological impairments affected his ability to think, problem solve, act rationally, and deal with stress. Further, had the jury been presented this evidence, there was a reasonable probability that it would not have found that Movant deliberated and would have imposed a life sentence.

The motion court made an extensive record of the evidentiary hearing regarding Movant's Rule 29.15 motion. The motion court denied Movant's claim that his trial counsel was ineffective for failing to call

Dr. Beaver[3] to testify regarding neuropsychological impairments. At the evidentiary hearing, Dr. Beaver stated he conducted his first test of Movant two and one half years after Movant was convicted and sentenced to death. Dr. Beaver did not attempt to consult with any previous evaluator who assessed Movant closer to the time of his crime, nor did he consider any of the previous testing documents. Dr. Beaver also considered information regarding Movant from after he was convicted and sentenced.

Dr. Beaver testified at the evidentiary hearing that he administered fifteen testing measures during his two visits with Movant. Dr. Beaver stated his testing confirmed Movant is not mentally retarded. Dr. Beaver reiterated Movant's history of sexual and physical abuse, suicide attempts, trouble at school, learning disabilities, and extensive drug abuse.

Dr. Beaver recounted Movant's statements that he was unable to recall any details about the crime he committed. This is consistent with his statements to every other health professional who evaluated Movant. However, Dr. Beaver never spoke with any of the other health professionals. Dr. Beaver opined that Movant suffered from post-traumatic stress disorder, but Dr. Beaver did not express any opinion as to how that related to the murder.

Dr. Beaver concluded that Movant "does have an organic brain syndrome combined with significant psychiatric disorders and those are permanent conditions for him." Further, Dr. Beaver stated that, on the day of the murder, Movant's condition "would affect his ability to think, to problem solve, to act rationally, to deal with stress, to make appropriate decisions."

However, Dr. Beaver failed to provide the motion court with a diagnosis of Movant, and he offered no opinion as to Movant's competency to stand trial, his ability to deliberate on his actions or his responsibility for the crime.

The motion court further summarized the extensive trial testimony and reports filed by Drs. Dean, English, Becker, and Rabun. Each of these doctors concluded Movant suffered from schizophrenia or schizoaffective disorder. Three of them agreed that Movant was capable of deliberation; Dr. Dean opined Movant was not capable of deliberating on his crime, but he was still responsible for his actions. Drs. Dean, English, and Becker each investigated the potential of brain damage in their reports and testimony.

Movant's trial counsel discussed retaining a neuropsychologist with Drs. Dean and Draper, but has no recollection of a specific reason why they did not seek advice from a neuropsychologist. Trial counsel relied on Dr. Dean's report, which concluded that her testing did not find significant neuropsychological impairment. Trial counsel also relied upon Dr. Keyes' review of Movant's records to determine whether Movant suffered from mental retardation.

The motion court concluded that Dr. Beaver's testimony was of little consequence because he never diagnosed Movant formally, and he failed to offer an opinion regarding Movant's responsibility, competency, or diminished mental capacity. The motion court found trial counsel made reasonable efforts investigating Movant's mental status and relied on the findings of multiple health care professionals. The motion court concluded that trial

3. Dr. Beaver never presented the court with a report concerning his evaluation or results as contemplated by section 552.030.3.

counsel, after a reasonable investigation of Movant's mental state, was not ineffective for not shopping for a psychiatrist or psychologist who would testify in a particular way.

 In a death penalty case, counsel is expected to "discover all reasonably available mitigating evidence." *Wiggins v. Smith*, 539 U.S. 510, 524, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). This includes "medical history, educational history, employment and training history, family and social history, prior adult and juvenile correctional experience, and religious and cultural influences." *Id.* Counsel's duty is to "conduct a reasonable investigation and to present evidence of impaired intellectual functioning...." *McLaughlin v. State*, 378 S.W.3d 328, 2012 WL 2861374 (Mo. banc 2012)(quoting *Hutchison v. State*, 150 S.W.3d 292, 297 (Mo. banc 2004)). However, counsel "is not ineffective for failing to shop for an expert that would testify in a particular way." *Glass v. State*, 227 S.W.3d 463, 484 (Mo. banc 2007) (quoting *Edwards v. State*, 200 S.W.3d 500, 518 (Mo. banc 2006)). The "duty to investigate does not force defense lawyers to scour the globe on the off-chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste." *Strong v. State*, 263 S.W.3d 636, 652 (Mo. banc 2008) (quoting *Rompilla v. Beard*, 545 U.S. 374, 383, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005)).

In this case, Movant's counsel spoke to at least six mental health experts and reviewed extensive mental health and school records. One of the mental health experts met with Movant on multiple occasions, specifically attempting to determine whether Movant suffered from a mental disease or defect which would relieve him of responsibility for his conduct. Counsel further investigated the possibility that Movant suffered from mental retardation. Counsel presented evidence by mental health experts regarding Movant's mental and social development. One of the evaluations contained some neuropsychological testing, and it did not reveal results that would be suggestive of significant neuropsychological impairment.

 Movant's counsel was not ineffective for failing to call a neuropsychologist after extensively investigating Movant's mental health. Counsel specifically investigated the possibility Movant suffered from some mental disease or defect which would relieve him of responsibility for his conduct. Further, counsel relied upon the evaluation of one of the mental health experts who conducted some neuropsychological testing, and those findings did not suggest a significant neuropsychological impairment. "The selection of witnesses and evidence are matters of trial strategy, virtually unchallengeable in an ineffective assistance claim." *Vaca v. State*, 314 S.W.3d 331, 335 (quoting *Anderson*, 196 S.W.3d at 37). No matter how ill-fated it may appear in hindsight, a reasonable choice of trial strategy cannot serve as a basis for a claim of ineffective assistance. *Id.* Counsel was not ineffective for failing to present the testimony of Dr. Beaver, especially in light of the considerable testimony counsel presented regarding Movant's mental and social history.

 Assuming counsel were ineffective for failing to present the testimony of organic brain damage, Movant was not prejudiced. To demonstrate a claim of ineffective assistance of counsel for failure to locate and call an expert witness, Movant must show that: "(1) such an expert witness existed at the time of trial; (2) the expert witness could be located through reasonable investigation; and (3) the expert witness's testimony would have benefited the defense." *Zink*, 278 S.W.3d at

179. "Failure to present evidence that is cumulative to that presented at trial does not constitute ineffective assistance of counsel." *McLaughlin*, 378 S.W.3d at 343. Here, Movant failed to show the proffered testimony by Dr. Beaver would have benefited his defense. Dr. Beaver never made a diagnosis, prepared a formal report, nor made any other conclusion that was not supported by other evidence presented by Movant's counsel.

## 2. Failure to call a witness

■ Movant claims his trial counsel was ineffective for failing to investigate and present the testimony of Pamela Strothkamp (hereinafter, "Teacher") because Teacher was identifiable, readily available, and willing to testify. Movant asserts that Teacher's testimony would have supported his defense that he could not deliberate and, hence, the jury would have imposed a life sentence.

■ "The choice of witnesses is ordinarily a matter of trial strategy and will not support an ineffective assistance of counsel claim." *Strong*, 263 S.W.3d at 652. As previously noted, while counsel had a duty to investigate, this duty "does not force defense lawyers to scour the globe on the off-chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste." *Id.* (quoting *Rompilla*, 545 U.S. at 383, 125 S.Ct. 2456). To succeed on a claim of ineffective assistance of counsel for failing to call a witness, the movant must prove: "(1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense." *Vaca*, 314 S.W.3d at 335–36 (quoting *Hutchison*, 150 S.W.3d at 304).

Movant's counsel's investigator (hereinafter, "Investigator") knew Teacher was his sixth-grade teacher. Investigator left messages with two different telephone listings for Teacher's name. However, Investigator did not follow up with contacting Teacher because Movant told Investigator to not contact Teacher. Teacher was not interviewed because Movant claimed she did not like him and would be unhelpful. In researching Movant's social history, Investigator attempted to contact sixty-six witnesses. Movant's counsel called multiple teachers and educational professionals to testify regarding Movant's learning disabilities, his subaverage intellectual functioning, his limited education, and his special education classes during both the guilt and penalty phases of trial.

Movant's counsel was not ineffective for failing to call Teacher to testify. Movant's educational and social history was examined thoroughly by counsel and presented to the jury in the guilt and penalty phases of trial. Teacher's proffered testimony would have been cumulative of the testimony of other witnesses. *Clayton v. State*, 63 S.W.3d 201, 209 (Mo. banc 2001); *Forrest*, 290 S.W.3d at 711. Further, Teacher would not have provided Movant a viable defense.

## 3. Voluntariness of statements to police

Movant asserts two claims of error in this one point. Movant believes his trial counsel were ineffective for failing to present evidence at the motion to suppress because the statements he gave to the police were not voluntary. Movant also believes his trial counsel were ineffective at trial for failing to present evidence to support the instruction on determining voluntariness of his statements.

### a. At the suppression hearing

 Movant avers that his trial counsel were ineffective at the motion to suppress hearing for failing to present evidence that his statements made to the police were involuntary. Movant claims his counsel should have presented evidence regarding his mental capacity demonstrating that he did not voluntarily waive his *Miranda* rights. However, in his post-conviction motion, Movant alleged that his counsel were ineffective for failing to present evidence that Movant was capable of intelligently waiving his *Miranda* rights.

 Any issue not raised in a Rule 29.15 motion is waived on appeal. Rule 29.15; *Barnett v. State,* 103 S.W.3d 765, 773 (Mo. banc 2003). "Pleading defects cannot be remedied by the presentation of evidence and refinement of a claim on appeal." *Johnson,* 333 S.W.3d at 471. To the extent that Movant claims his statements to the police were made involuntarily, this claim is not preserved for appellate review.

Even if this claim were preserved for review, this Court already has addressed Movant's claim of having made involuntary statements to a detective investigating his crimes on direct appeal. Movant stated he "failed to complete ninth grade and was in need of medication for his mental illness at the time the statements were made." *Johnson,* 207 S.W.3d at 45. Further, Movant claimed he was coerced by the detective's comments regarding eternal salvation and he had been in police custody for about sixteen hours. *Id.*

 The determination of "whether a confession is voluntary is whether the totality of the circumstances created a physical or psychological coercion sufficient to deprive the defendant of a free choice to admit, deny, or refuse to answer the examiner's questions." *State v. Faruqi,* 344 S.W.3d 193, 203 (Mo. banc 2011)(quoting *State v. Simmons,* 944 S.W.2d 165, 173 (Mo. banc 1997)). This Court on direct appeal found the record clearly reflected the constitutional validity of Movant's waiver with respect to his *Miranda* rights.

### b. Evidence to support the instruction at trial

 Movant also claims that his counsel were ineffective for failing to attempt to present evidence of his mental condition at trial to support the jury instruction for determining the voluntariness of his statements. This claim was included in Movant's amended motion. The motion court determined this allegation was without merit.

At trial, Movant's counsel presented evidence which supported the jury instruction and demonstrated Movant's mental condition. Movant claims there should have been additional evidence by other mental health experts regarding his mental condition, which rendered his statements to the police involuntary. However, trial counsel presented testimony of various witnesses regarding Movant's overall mental health. There was evidence presented regarding Movant's psychiatric history, his hallucinations and delusions, his childhood head injuries, his extensive drug use, his placement in special education classes due to his learning disabilities, his low IQ, the potential that he was mentally retarded, and his strange behavior immediately prior to the murder.

The jury was apprised fully of Movant's mental condition. The testimony of additional mental health experts would have been substantially cumulative of the testimony presented at trial. Counsel is not ineffective for not presenting cumulative evidence. *Bucklew v. State,* 38 S.W.3d 395, 401 (Mo. banc 2001).

#### 4. Failure to rebut witness' testimony

Movant raises two allegations of error regarding his claim that his trial counsel were ineffective for failing to rebut the testimony of Dr. English (hereinafter, "Witness"). First, Movant claims the motion court erred in denying claim 8(f) in his Rule 29.15 motion without entering specific findings of fact and conclusions of law. Second, Movant avers that his trial counsel were ineffective for failing to rebut Witness' testimony that Movant's actions were a result of drug use rather than a mental illness.

##### a. Lack of findings

Movant asserts that the motion court's failure to issue findings regarding the failure of his trial counsel to rebut the testimony of Witness was clearly erroneous. Movant claims the other findings the motion court made are insufficient to enable meaningful appellate review of the claim on his trial counsel's failure to adduce evidence to rebut Witness' testimony.

Rule 29.15(j) requires that the "court shall issue findings of fact and conclusions of law on all issues presented...." Rule 78.07(c) provides: "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Movant recognizes that he did not comply with Rule 78.07(c). This point is not preserved for appeal. *Gerlt v. State*, 339 S.W.3d 578, 584–85 (Mo.App. W.D.2011). Movant seeks plain error review.

##### b. Failure to rebut evidence

■ Movant avers that his trial counsel were ineffective for failing to rebut Witness' testimony that Movant's action was a result of drug use rather than a mental illness. Movant believes that had his trial counsel rebutted this evidence, the jury would have found that Movant could not deliberate and would have imposed a life sentence.

Assuming this issue was preserved for appeal, the motion court did not err in denying him relief. Movant failed to state facts demonstrating relief.

Movant presented the expert testimony at trial, establishing his defense, and expounding upon his psychiatric history for the jury. Then, Witness was called by the State to rebut the testimony presented by Movant's expert witnesses.

Movant now asserts his trial counsel should have presented additional testimony to contradict the testimony provided by Witness. Movant believes there should have been additional testimony to demonstrate that mental illness and substance abuse are interrelated, hallucinations are real whether induced by drugs or a psychotic illness, command hallucinations are not always followed immediately, and a personality diagnosis is inappropriate when one suffers from a psychotic disorder. Essentially, Movant claims his trial counsel should have called additional witnesses to rebut the testimony of the State's rebuttal witness.

Movant's claim fails because he does not identify a witness whom his trial counsel should have known at the time of trial, nor can Movant demonstrate that the witness would have produced a viable defense. *Vaca*, 314 S.W.3d at 335–36. Further, some of the testimony that Movant stated the unknown witness would provide is cumulative to the testimony presented by his expert witness. *Clayton*, 63 S.W.3d at 209. Trial counsel were not ineffective for failing to call another expert to testify to rebut the State's rebuttal witness.

## Conclusion

Movant failed to prove that the motion court clearly erred in denying him post-conviction relief. The judgment is affirmed.

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE, FISCHER and STITH, JJ., concur.