William J. BARMETTLER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 98568.

Missouri Court of Appeals,
Eastern District,
Division IV.

May 28, 2013.

Lisa M. Stroup, Assistant Public Defender, Office of the Missouri Public Defender, St. Louis, MO, for appellant.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for respondent.

KURT S. ODENWALD, Judge.

### Introduction

William Barmettler ("Barmettler") appeals from the motion court's denial, without an evidentiary hearing, of his motion for post-conviction relief. Barmettler was convicted by a jury of one count of statutory sodomy in the first degree, Section 566.062,[1] and one count of child molestation in the first degree, Section 566.067. This Court affirmed his conviction in *State v. Barmettler*, 347 S.W.3d 171 (Mo.App. E.D.2011). Barmettler subsequently filed a motion for post-conviction relief arguing that trial and appellate counsel were ineffective in failing to challenge the verdict directors at trial on the ground that they allowed the jury to convict him without reaching a unanimous verdict. Barmettler also alleged trial counsel was ineffective in failing to present an alibi defense at trial.

Despite our concerns regarding the failure of trial counsel and appellate counsel to address the issue of the verdict directors, these concerns are tempered by the lack of any prejudice resulting from said verdict directors. Because we also conclude that trial counsel was not ineffective in failing to present an alibi defense, we find no error and affirm the judgment of the motion court denying Barmettler's motion for post-conviction relief without an evidentiary hearing.

### Factual and Procedural History

The evidence presented at trial, viewed in the light most favorable to the verdict, is as follows. In early 2003, Barmettler lived with his extended family, including his step-granddaughter AL, a minor child. In October 2003, AL moved out of the home occupied by Barmettler, but continued to spend extended periods of time with Barmettler. In May 2005, AL overheard a conversation between her parents regarding whether AL was going to spend the weekend at Barmettler's home. AL became distraught and hid in a closet after hearing the conversation. AL's parents questioned AL about her fear, and AL told them that Barmettler had touched her vagina. AL's mother reported the abuse to the Division of Family Services. After an investigation, State charged Barmettler with two counts of statutory sodomy, alleging that Barmettler committed two separate criminal acts.

State presented evidence at trial that Barmettler sexually abused AL on two separate occasions. AL testified at trial that the first time Barmettler touched her vagina was at Barmettler's home. AL testified that Barmettler took her into his room, removed her pants, and touched her vagina with his hand. AL testified that on

1. All statutory references are to RSMo. Cum. Supp. (2008).

the second occasion, Barmettler sexually abused her while he was babysitting her and her brother. AL testified that, in the second instance, Barmettler, AL, and AL's brother picked up food from McDonald's and then went to Barmettler's home to watch a movie. As they were eating, Barmettler told AL and her brother that he and AL had to leave to do something. Barmettler then brought AL into his bedroom and touched her vagina. AL testified that Barmettler also forced her to touch his penis. In addition to testifying in detail about these two specific incidents of abuse, AL also mentioned that similar abuse occurred every week for several years.

The trial court instructed the jury on statutory sodomy for the two alleged incidents of sexual abuse. The trial court also instructed the jury on the lesser-included offense of child molestation for each count of statutory sodomy. The verdict directors phrased the factual allegations of the two separate incidents of abuse in nearly identical terms. The verdict directors for each count charged that the jury could not convict Barmettler unless it found beyond a reasonable doubt: "First, that on or about during 2003 through 2005, in the County of St. Francois, State of Missouri, the defendant touched [AL's] genitals with his hand." Defense counsel did not object to the form of the verdict directors. The jury returned a verdict finding Barmettler guilty of statutory sodomy on the first count, and guilty of the lesser-included offense of child molestation under the second count. The trial court entered a judgment of conviction accordingly. This Court affirmed the trial court's judgment in *State v. Barmettler*, 347 S.W.3d 171 (Mo.App. E.D.2011).

Barmettler subsequently filed a motion for post-conviction relief under Rule 29.15.[2]

Barmettler asserted that, *inter alia,* trial counsel was ineffective in failing to object to the verdict directors offered at trial, and appellate counsel was ineffective in failing to raise the same issue on direct appeal. Barmettler claims that the verdict directors failed to ensure that the jury reach a unanimous verdict because they did not sufficiently distinguish each count from the uncharged incidents of abuse to which AL testified. Barmettler also asserts that trial counsel was ineffective in failing to call a former employer as an alibi witness at trial and in failing to introduce employment-related attendance records to support an alibi defense. The motion court denied Barmettler's motion without an evidentiary hearing. This appeal follows.

## Points on Appeal

In his first point on appeal, Barmettler argues that the motion court clearly erred when it found that trial counsel was not ineffective in failing to object to the verdict directors offered at trial, and that appellate counsel was not ineffective for failing to appeal the same issue. Barmettler argues that the verdict directors were drafted so broadly that they deprived Barmettler of his right to a unanimous verdict on the charges submitted to the jury. In his second point, Barmettler contends that the motion court clearly erred when it denied his claim that trial counsel was ineffective in failing to call his former employer as an alibi witness at trial, and present employment attendance records to support an alibi defense. In both points on appeal, Barmettler asserts the motion court erred in denying his motion without an evidentiary hearing because he alleged facts not refuted by the record that if proven would entitle him to relief.

2. All rule references are to Mo. R.Crim. P. (2011).

## Standard of Review

Appellate review of a motion court's denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court were clearly erroneous. Rule 29.15; *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). The motion court's findings and conclusions are presumptively correct and will be overturned only when this Court is left with a "definite and firm impression that a mistake has been made" after reviewing the entire record. *Vaca v. State*, 314 S.W.3d 331, 334 (Mo. banc 2010). "To obtain an evidentiary hearing for claims related to the ineffective assistance of counsel, the movant must allege facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that the movant was thereby prejudiced." *Morrow v. State*, 21 S.W.3d 819, 823 (Mo. banc 2000) (internal citations omitted).

## Discussion

### I. Barmettler failed to allege facts that if true establish that he was prejudiced by defense counsels' failures to challenge the verdict directors at trial and on appeal.

In his first point on appeal, Barmettler alleges that trial and appellate counsel were ineffective as a result of their failure to challenge the constitutionality of the verdict directors submitted to the jury.

Defendants in criminal actions have a Sixth Amendment right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To succeed on a claim of ineffective assistance of counsel the movant must demonstrate both deficient performance by counsel and that the deficiency produced prejudice. *Id.* at 692, 104 S.Ct. 2052. To show deficient performance, the movant must demonstrate that counsel's representation fell below objective standards of reasonableness. *Id.* at 687–88, 104 S.Ct. 2052. To show prejudice, the movant must demonstrate a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Deck v. State*, 68 S.W.3d 418, 426 (Mo. banc 2002). *citing Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. The movant must show more than that the error had some conceivable effect on the outcome, but less than that the error more likely than not altered the outcome. *Id.*

In his amended motion for post-conviction relief, Barmettler avers that trial and appellate counsel were constitutionally ineffective because they did not challenge the verdict directors offered at trial. Barmettler asserts that the jury was presented evidence of multiple separate alleged acts of child sexual abuse, including evidence of uncharged acts of sexual abuse. Barmettler correctly notes that each verdict director failed to identify with specificity the alleged act or acts that the jury was required to find in order to convict Barmettler of each count. As a result of this deficiency, Barmettler argues that the jury could have returned a verdict of guilty on both counts without reaching a unanimous verdict on either, if any of the jurors based their finding of guilt on the uncharged acts to which the victim testified at trial.[3] Consequently, Barmettler maintains that he was denied his right to be free from crimi-

---

3. Barmettler's amended motion for post-conviction relief does not allege that any ambiguity in the verdict directors misled the jury as to which of the two allegations of abuse that were developed through testimony at trial corresponded with which of the two counts charged. Accordingly, we do not consider that question in this appeal.

nal conviction absent a unanimous jury verdict.

Barmettler specifically challenges defense counsels' omissions with respect to Instructions 5 and 8, the verdict directors offered at trial for statutory sodomy under Count I, and child molestation as the lesser-included offense to statutory sodomy under Count II. Instruction 5 stated that in order to convict Barmettler of statutory sodomy the jury must find that:

First, that on or about during 2003 through 2005, in the County of St. Francois, State of Missouri, the defendant touched [AL's] genitals with his hand,

Instruction 8 similarly provided if the jury did not find Barmettler guilty of statutory sodomy under Count II, the jury must find Barmettler guilty of child molestation if it believed:

First, that on or about during 2003 through 2005, in the County of St. Francois, State of Missouri, the defendant touched the genitals of [AL] with his hand,

Instructions 5 and 7, the verdict directors for statutory sodomy under Counts I and II, respectively, were identically phrased. Similarly, Instructions 6 and 8, the verdict directors for the lesser-included offenses of child molestation under Counts I and II, respectively, were identically phrased.

We first address the nearly identical language used to describe the factual allegations required to convict Barmettler under Instructions 5 and 8. Both instructions require the jury to find that Barmettler touched AL's genitals with his hand at some point during the period from 2003 to 2005. The acts are not otherwise described or distinguished from one another. Importantly, according to the evidence adduced at trial, either verdict director could apply to the uncharged criminal acts because the uncharged acts were factually similar. While AL testified to two primary incidents of abuse wherein Barmettler touched her genitals with his hand, she also testified generally that similar abuse occurred weekly. Barmettler argues that because the factual allegations of each verdict director lacked specificity and could encompass any act occurring within a two-year period, any juror could have considered the uncharged acts of abuse to which AL testified as the instance of alleged abuse referenced in each verdict director. In that case, it was possible that Barmettler could have been convicted of statutory sodomy without the jury reaching a unanimous verdict as to which act formed the basis of the statutory sodomy referenced in the verdict director.

The Missouri Supreme Court recently addressed a similar issue in *State v. Celis–Garcia*, 344 S.W.3d 150 (Mo. banc 2011). In that case, State presented evidence that Celis–Garcia and her boyfriend committed numerous factually-similar acts of statutory sodomy against her two daughters by touching their genitals with their hands. *Celis–Garcia*, 344 S.W.3d at 152. Despite evidence of numerous acts of abuse against each child, State charged and tried Celis–Garcia with only one count of statutory sodomy for each child, for a total of two counts. *Id.* Both verdict directors required the jury to believe that Celis–Garcia or her boyfriend "placed her or his hand on [the child's] genitals," in order to find Celis–Garcia guilty. *Id.* at 154–55. On direct appeal, Celis–Garcia argued that the verdict directors deprived her of her right to a unanimous jury verdict because the verdict directors failed to distinguish the crime with which she was charged from the other similar non-charged offenses of which the jury was presented evidence at trial. *Id.* at 154. The court agreed, explaining that the verdict directors were flawed because they permitted a jury to convict Celis–Garcia of statu-

tory sodomy if each juror agreed that she committed one of the several alleged acts, even if the jury did not collectively agree on which specific act she committed. *Id.* at 156–158.·

*Celis–Garcia* guides our analysis of whether the verdict directors submitted at Barmettler's trial were erroneous. *Celis–Garcia* addressed a situation where the jury could possibly convict the defendant based upon a finding by some jurors that she committed a similar uncharged act. Here, the jury could have convicted Barmettler of statutory sodomy if each juror believed that he committed one act to which AL testified with specificity, *or* one of the similar uncharged acts, even if the jury did not unanimously agree on which act he committed that constituted statutory sodomy.

The error in the verdict directors in this case is the failure of each verdict director to sufficiently identify the specific incidents of sexual abuse at issue to the exclusion of the uncharged incidents. In each instance of abuse, Barmettler is alleged to have touched AL's genitals with his hand. The verdict directors for both counts only require the jury to find very general facts. Despite the availability of well-developed factual testimony, neither verdict director requires the finding of facts specific to either event. As a result, a juror could have voted to convict Barmettler of statutory sodomy if the juror found that Barmettler committed either one of the detailed instances of abuse, *or* an uncharged instance of abuse. This risk is exactly the same as identified in *Celis–Garcia,* and rendered the instructions in this case erroneous. *See Celis–Garcia,* 344 S.W.3d at 156 ("Under the instructions, the jurors could convict Ms. Celis–Garcia if they found that she engaged or assisted in hand-to-genital contact with the children during an incident in her bedroom, *or* on

the enclosed porch, *or* in the shed, *or* in the bathroom.") (emphasis in original).

Our conclusion that the verdict directors failed to ensure a unanimous verdict does not resolve the question of whether trial and appellate counsel were ineffective. Although, *Celis–Garcia* was decided before our mandate affirming Barmettler's conviction, the decision was rendered after Barmettler's trial, and after Barmettler filed his appellate brief on direct appeal. Given the timing of *Celis–Garcia,* the motion court found that trial and appellate counsel were not unreasonably ineffective in failing to act in conformity to its holding. The motion court reasoned that *Celis–Garcia* was a change in the law, which counsel were not required to anticipate. *See Zink v. State,* 278 S.W.3d 170, 190 (Mo. banc 2009).

The motion court viewed *Celis–Garcia*'s as constituting a change in the law because the Supreme Court opinion affected the Missouri Approved Instruction (MAI) in that case. In *Celis–Garcia,* the State argued that the verdict directors submitted at trial complied with the applicable MAI, and were therefore not erroneous. *Celis–Garcia,* 344 S.W.3d at 157–58. The State called attention to the MAI Note on Use, which acknowledged the risk of reaching a non-unanimous verdict in cases where evidence is presented that the defendant committed multiple similar offenses. *Id.* at 158. The State argued, that in such cases, the MAI Note on Use expressly suggested the verdict directors provide additional factual detail to distinguish between the differing offenses, thereby assuring a unanimous agreement by the jurors as to a particular factual allegation. *Id.* While acknowledging the suggested language contained in the Note on Use, the *Celis–Garcia* court held that adhering to the applicable MAI was insufficient to protect

the defendant's constitutional right to a unanimous jury verdict. *Id.*

Unlike the motion court, we are not persuaded that the reasoning of *Celis–Garcia* presents a substantive change in the law that insulates both trial counsel and appellate counsel from not advancing the argument of a potential non-unanimous jury verdict either at trial or on appeal. The motion court relied heavily on the Supreme Court's conclusion in *Celis–Garcia* that the Notes on Use did not shield the trial court from a claim that the verdict directors were erroneous, and consequently viewed *Celis–Garcia* as substantively changing the requirements of the MAI. We do not share the broad suggestion of change attributed to *Celis–Garcia* by the motion court.

We recognize that *Celis–Garcia* found verdict directors similar to those at issue here to be in violation of a defendant's constitutional right to a unanimous verdict. We also acknowledge the Supreme Court's discussion of Note on Use 6 to MAI–Cr3d 304.02, which suggests a modified instruction should be given differentiating among multiple, separate criminal acts when requested by the defendant. *Celis–Garcia* at 157–158. Given this discussion, we do not view *Celis–Garcia* as presenting a substantive change in the law that automatically shields defense counsel from a claim of ineffectiveness. Notably, *Celis–Garcia* did not establish the right of criminal defendants to a unanimous jury verdict, and was not the first judicial decision to recognize that imprecisely drafted verdict directors could violate this constitutional right. *See State v. Pope,* 733 S.W.2d 811, 813 (Mo.App. W.D.1987). Moreover, *Celis–Garcia* did not invalidate the applicable MAI, but found the verdict directors based upon the MAI to be erroneous in that instance because they failed to include sufficient specificity to ensure a unanimous verdict. *Celis–Garcia,* 344 S.W.3d at 158. Important to our analysis is the express warning and guidance provided by Note on Use 6 for MAI 302.02 regarding the risks associated with non-specific verdict directors submitted in multiple acts cases. *Id.* at 157–58. The Supreme Court's conclusion that the MAI Note on Use was insufficient to validate an otherwise deficient verdict director does not preclude a finding that, prior to *Celis–Garcia,* reasonable and effective defense counsel would have heeded the warning provided by Note on Use 6, and should have considered requesting that the verdict directors be supplemented with sufficient factual details allowing the jury to distinguish between the alleged incidences of alleged sexual abuse and the uncharged incidents of abuse to which AL testified.

Here, the correct inquiry is whether reasonable trial counsel would have objected to the verdict directors in light of the express MAI warning that verdict directors in multiple act cases involve a risk for a non-unanimous verdict, and where Note on Use 6 expressly suggested that such verdict directors be modified to factually distinguish between alleged criminal acts. We must also consider whether reasonable appellate counsel would have raised this issue for plain error review in light of trial counsel's failure to object to the instructions at trial. After careful consideration, we find that, absent a compelling strategic reason, reasonable and effective trial counsel would have acted upon the cautionary language of Note on Use 6 and objected to, or requested modification of, the verdict directors to ensure against the risk of a non-unanimous jury verdict. We similarly find that reasonable appellate counsel would have considered the deficient verdict directors a basis for appeal. Accordingly, we find that Barmettler has pleaded facts, which if true, could provide the basis for finding that trial counsel and

appellate counsel provided ineffective assistance in failing to address the verdict directors submitted to the jury.

■ However, our analysis of Barmettler's claim does not end here. We must next determine whether the facts alleged by Barmettler in his motion for post-conviction relief, if true, demonstrate that he was prejudiced by the deficient performance of trial and appellate counsel. As already noted, a movant seeking post-conviction relief demonstrates prejudice by showing a reasonable probability exists that, but for defense counsel's ineffectiveness, the result at trial would have been different. *Deck*, 68 S.W.3d at 426, *citing Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

After reviewing the entire record, we find no evidence that the vagueness of the verdict directors caused Barmettler any prejudice. As a result, trial counsel's failure to object to the verdict directors had no consequence on the jury's verdict, and provides no basis for postconviction relief.

Unlike here, the uncharged acts at issue in *Celis–Garcia* were well-developed at trial through the presentation of evidence and testimony. *Celis–Garcia*, 344 S.W.3d at 158. The reasoning of the court in *Celis–Garcia* was based in large part on its concern that the emphasis placed by the State on the multiple uncharged acts at trial created a risk that jurors would be misled about which incident of alleged abuse had to occur in order to convict Celis–Garcia of a particular count. *Id.* at 157–58. The facts of this case, however, are much different than *Celis–Garcia*. Although AL made a passing reference in her testimony to the existence of other uncharged and ongoing incidents of abuse, the record shows that the evidence and arguments presented at trial focused almost exclusively on two specific alleged incidences of abuse. Because there was no emphasis or focus in this case by the State

on the uncharged acts of sexual abuse, we find no basis in the record to hold that there was a reasonable risk that any jurors may have been confused or misled by the verdict directors and convicted Barmettler based upon any uncharged acts of sexual abuse.

Given the evidence presented at trial, the verdict directors at issue did not create any reasonable likelihood that the jury was misled. We find no basis to conclude that Barmettler was convicted with a non-unanimous jury verdict in either Count I or II. Because Barmettler was not prejudiced by trial counsel's failure to object to the verdicts directors, nor appellate counsel's decision not to raise the issue on direct appeal, he is not entitled to relief under Rule 29.15 on his first point.

## II. Barmettler is not entitled to an evidentiary hearing on his claim that trial counsel was ineffective in failing to call an alibi witness at trial.

■ In his second point, Barmettler asserts that he is entitled to post-conviction relief because trial counsel failed to call a former employer as an alibi witness at trial, and to introduce Barmettler's employment records as evidence supporting that alibi.

The selection of witnesses and evidence are matters of trial strategy, which are virtually unchallengeable in an ineffective assistance claim. *Johnson v. State*, 388 S.W.3d 159, 165 (Mo. banc 2012) (citations omitted). To obtain an evidentiary hearing based on defense counsel's alleged failure to present an alibi defense the movant has the burden of alleging facts that, if taken as true, demonstrate that the evidence or testimony would have produced a viable defense if it had been presented. *Id.*

We find no basis in the record for concluding that the testimony and evidence Barmettler cites would have constituted a viable alibi defense. Barmettler was charged with two individual acts that occurred sometime in a two-year span of time. As the motion court noted, the evidence at issue would, at most, have established that Barmettler did not commit the crimes while he was at work. However, the evidence and testimony would also have established that there were significant periods of time where Barmettler was not at work, and therefore did not have an alibi to the crimes charged. Because the complained-of testimony and evidence would have provided an alibi for only a portion of the time in which the crimes were allegedly committed, the omitted testimony and evidence would not have provided a viable defense. The failure of defense counsel to present such evidence does not provide a basis for finding that counsel was constitutionally ineffective. *See Johnson,* 388 S.W.3d at 165. Accordingly, the motion court did not clearly err in denying Barmettler's second claim of post-conviction relief. Point Two is denied.

### Conclusion

The motion court's judgment denying Barmettler's claims for post-conviction relief is affirmed.

LAWRENCE E. MOONEY, P.J., and PATRICIA L. COHEN, J., concur.