

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| MOSE L. MARTIN, | ) | No. ED112788 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | Cause No. 22SL-CC04632 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Richard M. Stewart |
| | ) | |
| Respondent. | ) | FILED: September 30, 2025 |

## Introduction

Mose Martin (Martin) appeals the judgment denying his Rule 29.15[1] amended motion for post-conviction relief. Martin contends the motion court erred because (1) trial counsel was ineffective for failing to call a witness who would have provided a viable defense and (2) trial counsel was ineffective for unreasonably failing to call an expert to impeach eyewitness testimony. We disagree and affirm the motion court's judgment.

## Factual and Procedural Background

On December 25, 2017, Martin and his wife (Victim) were staying at a hotel near the airport. During the night and into the morning of December 26, Martin accused Victim of cheating on him and they argued. Victim testified Martin had nonconsensual anal sex with her. Martin

---

[1] All rule references are to the Missouri Supreme Court Rules (2024).

struck Victim repeatedly, choked her, and threw her against the wall. Martin then poured butane on Victim and threatened to burn her with a lit candle.

When Martin left the room, Victim went to the hotel lobby and asked the receptionist to call the police. While she waited for the police to arrive, Martin drove around to the front of the hotel and demanded Victim get in his car. Victim refused and Martin drove away.

After the police responded, Victim went to the hospital. Victim was admitted to the hospital after a CAT scan revealed a subdural hematoma, or brain bleed, on the right side of her head. Victim was also diagnosed with an auricular hematoma and a fractured rib. She also had numerous cuts and bruises. A Sexual Assault Nurse Examiner (Nurse) examined Victim and confirmed she was physically assaulted and sodomized. Nurse collected DNA samples from Victim's fingernails, neck, wrist, nipples, and anus. Later testing revealed the presence of at least one male DNA contributor, but did not identify any possible contributors because Victim's DNA overwhelmed the sample.

The State charged Martin with first-degree assault and second-degree sodomy. The case proceeded to jury trial on April 11, 2022. A jury found Martin guilty of first-degree assault and not guilty of second-degree sodomy. On June 10, 2022, the trial court sentenced Martin to 25 years imprisonment.

Martin appealed his conviction, and this Court affirmed the judgment of the trial court on May 11, 2023. *State v. Martin*, 664 S.W.3d 785 (Mo. App. E.D. 2023). Martin timely filed his amended Rule 29.15 motion for post-conviction relief, in which he alleged trial counsel was ineffective in (1) failing to call an expert to impeach Victim's credibility based on Victim's alleged crack cocaine use the night of the assault, and (2) failing to call witnesses to impeach Victim's credibility.

2

On March 1, 2024, the motion court held an evidentiary hearing. Trial counsel testified Martin provided a list of individuals he believed to be potential witnesses, including B.H.—with whom Martin had a relationship during his marriage to Victim. Trial counsel personally called every individual on the list for whom Martin provided a phone number. Trial counsel's strategy was to narrow the list to those she felt were the most believable, plausible, and had admissible information. However, trial counsel was unsuccessful in reaching many of the provided contacts, including B.H. As to possible expert witnesses, trial counsel did not consider hiring an expert to testify at trial about how crack cocaine use can affect memory to attack Victim's credibility because she believed she could elicit that information from the State's nurse witness. The motion court found trial counsel's testimony credible.

B.H. had relocated to Oregon in July of 2017 and testified by deposition. B.H. indicated she had not wanted to testify at Martin's trial, but would have if subpoenaed, to avoid getting in trouble. B.H.'s relevant deposition testimony focused solely on Victim's character.

Dr. Michael Mullins, a professor of emergency medicine and medical toxicology also testified at the evidentiary hearing. Dr. Mullins explained crack cocaine's effect on memory, testifying that while crack cocaine is not a hallucinogenic drug, it does not leave the memory unaffected. Dr. Mullins added that based on the inconsistencies in her deposition testimony, trial testimony, and her statement to Nurse, he believed Victim had impairments in her memory of the events on the night of the attack.

The motion court denied Martin's motion for post-conviction relief. This appeal follows.

Standard of Review

Our review of denial of a Rule 29.15 motion for post-conviction relief is limited to determining whether the motion court's findings and conclusions are clearly erroneous. *Shockley*

*v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019); Rule 29.15(k). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Id.* (internal quotation omitted). We defer to "the motion court's superior opportunity to judge the credibility of witnesses." *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018) (internal quotation omitted).

<u>Discussion</u>

In both points on appeal, Martin argues the motion court erred in denying his claims of ineffective assistance of counsel for failing to call a witness.

To establish ineffective assistance of counsel and be eligible for post-conviction relief, a movant must satisfy the two-prong *Strickland*[2] test. *Id. Strickland* requires movant to show "by a preponderance of the evidence that (1) trial counsel failed to exercise the level of skill and diligence that reasonably competent counsel would exercise in a similar situation and (2) the movant was prejudiced by that failure." *Dorsey v. State*, 448 S.W.3d 276, 286-87 (Mo. banc 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

To succed on the performance prong, "movant must overcome the strong presumption that [trial] counsel's conduct was reasonable and effective." *Johnson v. State*, 406 S.W.3d 892, 899 (Mo. banc 2013). Movant is required to show "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Zink v. State*, 278 S.W.3d 170, 176 (Mo. banc 2009) (internal quotation omitted). Trial strategy decisions are only ineffective if they were unreasonable. *Id.*

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

To satisfy the prejudice prong, movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Trial counsel's decision not to call a witness "is presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless Movant clearly establishes otherwise." *Weinhaus v. State*, 501 S.W.3d 523, 528 (Mo. App. E.D. 2016) (internal quotation and brackets omitted).

*Point I – Lay Witness*

Martin asserts the motion court clearly erred in denying his Rule 29.15 motion because trial counsel was ineffective for failing to call B.H. at trial to provide a viable defense by impeaching Victim's credibility. We disagree and find trial counsel's decision not to call B.H. was reasonable because B.H. was not reasonably locatable and her testimony would not have provided Martin a viable defense.

"To succeed on a claim of ineffective assistance of counsel for failure to call a witness, the movant must establish: (1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense." *Martin v. State*, 655 S.W.3d 195, 200 (Mo. App. W.D. 2022) (internal quotation omitted).

"The failure to offer testimony that would have only impeached the testimony of a State's witness does not warrant relief for ineffective assistance of counsel." *Weinhaus*, 501 S.W.3d at 528. "Rather, when the testimony of the witness would *also* negate an element of the crime for which a movant was convicted, the testimony provides the movant with a viable defense." *Id.* (internal quotation omitted). "Failure to call a witness only constitutes ineffective

5

assistance of counsel if the witness's testimony unqualifiedly supports Movant." *Martin*, 655 S.W.3d at 200 (internal quotation and brackets omitted).

Martin is unable to demonstrate trial counsel performed ineffectively because she made a reasonable effort to locate B.H. using the information available to her. Martin gave trial counsel a list of several individuals with their contact information, consisting of mostly phone numbers, to reach out to before trial. B.H.'s name and a phone number were included. Martin provided no other contact information for B.H. Trial counsel called the number Martin provided but was unable to reach B.H. Trial counsel was not aware that B.H. had moved halfway across the country. Under these circumstances, trial counsel's conduct was reasonable. *See Johnson v. State*, 388 S.W.3d 159, 166 (Mo. banc 2012) (finding counsel is not required "to scour the globe on the off-chance something will turn up." (internal quotation omitted)).

Moreover, B.H. testified she was aware the trial was happening but did not want to testify because she had just moved to Oregon to take a new job, had responsibilities there and "wished to be done with all of this." B.H. would only have testified if subpoenaed to avoid getting into trouble. Because trial counsel made reasonable efforts to contact B.H., her actions cannot be deemed ineffective assistance.

Additionally, Martin fails to show prejudice because there is not a reasonable probability B.H.'s testimony would have changed the outcome of the trial. B.H.'s deposition testimony contained speculation and numerous hearsay statements from Martin. *See State v. Johnson*, 690 S.W.3d 928, 931 (Mo. App. E.D. 2024) ("Hearsay is an out-of-court statement that is used to prove the truth of the matter asserted and that depends on the veracity of the statement for its value."); *Saint Louis Univ. v. Geary*, 321 S.W.3d 282, 291 (Mo. banc 2009) (hearsay is inadmissible unless it falls under an exception, or it is used for a non-hearsay purpose).

B.H. testified Martin told her Victim had falsely accused him of crimes in the past. But Martin's statements to B.H. of Victim's alleged false accusations would have been inadmissible hearsay, even if intended to show motive. *See State v. Kelley*, 953 S.W.2d 73, 85 (Mo. App. S.D. 1997) ("[M]otive can no more be proved by inadmissible and objected-to hearsay than any other fact.").

B.H. added that Victim stated B.H. would "not have [Martin] unless he was dead or in jail." B.H. speculated Victim's statement meant she may try to falsely accuse Martin of a crime. However, there is nothing in the record supporting such speculation, and the statement lacks any context or time in relation to the events at hand. *See Am. Standard Ins. Co. of Wisconsin v. Bracht*, 103 S.W.3d 281, 292 n.9 (Mo. App. S.D. 2003) ("A witness'[s] testimony predicated on a guess or speculation with no factual basis does not constitute substantial evidence and has no probative value.").

Furthermore, even if B.H.'s testimony was admissible, it would not have "unqualifiedly" supported Martin. B.H.'s testimony did not provide an alibi for Martin as to the attack of Victim because she had no knowledge of his whereabouts or actions at the time the event took place. She also could not have refuted Victim's account of the assault. B.H.'s testimony consisted mostly of statements such as "I only know what [Martin] told me," and "[h]e told me." These assertions do not unqualifiedly support Martin and would have been inadmissible. *See Johnson*, 690 S.W.3d at 931; *Martin*, 655 S.W.3d at 200. Nothing in B.H's testimony would have negated an element of the crime and provided Martin with a viable defense. *See Weinhaus*, 501 S.W.3d at 528. Therefore, Martin was not prejudiced by trial counsel's actions. *See id.* The motion court did not clearly err in denying this claim. Point denied.

*Point II – Expert Witness*

Martin claims the motion court clearly erred in denying his Rule 29.15 motion because trial counsel was ineffective for failing to call an expert to impeach Victim with testimony about memory impairment caused by crack cocaine use. We disagree.

"To show ineffective assistance of counsel based on failure to present an expert witness, a movant is required to show what the evidence would have been if the witness had been called." *Shockley*, 579 S.W.3d at 906-07. "Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006).

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible opinions are virtually unchallengeable[.]" *Strickland,* 466 U.S. at 690. "Where counsel has investigated possible strategies, courts should rarely second-guess counsel's actual choices." *Middleton v. State*, 103 S.W.3d 726, 736 (Mo. banc 2003). It is not ineffective assistance of counsel to pursue a reasonable trial strategy to the exclusion of another. *Worthington v. State,* 166 S.W.3d 566, 573 (Mo. banc 2005).

Martin cannot show trial counsel performed ineffectively because she employed reasonable trial strategy. Trial counsel "felt like it would be impactful to basically extract the same type of information" from the Nurse the State called, than from a defense-called expert because it is "actually more believable for a jury if you can cross-exam their expert witness or have their expert witness say things that you ultimately would have wanted your witness to say." Trial counsel elicited the testimony regarding Victim's crack cocaine use, and then relied on it to question Victim's reliability in her closing argument. Trial counsel's strategy to obtain the testimony from the State's witness instead of calling a medical expert was reasonable.

8

Further, Martin has not demonstrated prejudice from counsel's decision not to call an expert witness. Dr. Mullins's knowledge of the case at the motion hearing was limited to the police reports, the SANE report, discharge instructions, and the transcript of the trial and deposition. Dr. Mullins did not complete a personal examination of Victim himself or have access to any other medical records such as those from the emergency department or treating physician records. Dr. Mullins could not determine the source of any potential memory impairments.

Dr. Mullins based his opinion on discrepancies between Victim's deposition and her testimony at trial. Dr. Mullins's opinion would have been inadmissible, as weighing inconsistencies in testimony is better left for the jury to decide. *See State v. Williams*, 858 S.W.2d 796, 798 (Mo. App. E.D. 1993) ("Expert testimony is not admissible as it relates to credibility of witnesses.").

The evidence presented by Dr. Mullins would not have changed the outcome of Martin's trial. Dr. Mullins described how crack cocaine causes distortions or deficits in short term memory resulting in impairments of the details of a recalled event, but that crack use does not cause blackouts or amnesia. Further, Dr. Mullins testified such impairment would not cause someone to misidentify or forget a spouse's presence during a traumatic event. Victim identified Martin, her husband, as the attacker. There is nothing in the record indicating Dr. Mullins's testimony would have refuted that. Therefore, trial counsel was not ineffective for failing to call an expert witness to testify, and the motion court did not clearly err in denying this claim. Point denied.

Conclusion

Finding no error in the motion court's judgment, we affirm.

Virginia W. Lay, J.

Michael S. Wright, P.J., concurs.
Philip M. Hess, J., concurs.

9